**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KONSTANTIN KUZMIN, | : | CIVIL ACTION NO. 08-4549 (MLC) |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : | |
| ROBIN LILLEY, et al., | : | |
| Defendants. | : | |

**THE COURT** ordering the parties to show cause why the complaint should not be dismissed, without prejudice to recommence the action in state court, for lack of jurisdiction under 28 U.S.C. § ("Section") 1332 (dkt. entry no. 9, Order to Show Cause); and the Court assuming that the parties are familiar with the contents of the Order to Show Cause (id.); and

**THE PLAINTIFF** (1) bringing this action to recover damages for personal injuries against the defendants, Robin Lilley and National Freight Inc. ("NFI"), and (2) asserting — and thus bearing the burden of demonstrating — jurisdiction under Section 1332 (dkt. entry no. 1, Compl.), see Fed.R.Civ.P. 12(h)(3) (instructing court to dismiss complaint if jurisdiction lacking); Davis v. Union Pac. R.R. Co., 224 Fed.Appx. 190, 191 (3d Cir. 2007); and

**THE PLAINTIFF**, in response to the Order to Show Cause, demonstrating that (1) he is a New Jersey citizen, and (2) Lilley is a Maine citizen (dkt. entry no. 10, Pl. Br. at 1-2); but the

plaintiff failing to demonstrate NFI's citizenship (id.); and NFI, in response, demonstrating that it is (1) a New Jersey corporation with its principal place of business in New Jersey, and (2) deemed to be a New Jersey citizen (dkt. entry no. 12, NFI Cert. at 1), see 28 U.S.C. § 1332(c)(1);[1] and

**IT APPEARING** that the plaintiff is not a citizen of a different state in relation to each defendant, i.e., NFI, see 28 U.S.C. § 1332(a)(1); and it appearing that "the statutory formulation 'between . . . citizens of different States' . . . require[s] complete diversity between all plaintiffs and all defendants", Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (emphasis added); see Brown v. Francis, 75 F.3d 860, 865 (3d Cir. 1996) (stating same); and it appearing from the plaintiff's own allegations that the non-diverse defendant NFI is indispensable to the action, and thus the plaintiff cannot withdraw the claims asserted against NFI in order to manufacture jurisdiction, see

---

[1] NFI's jurisdictional assertion here is consistent with its jurisdictional assertions in other recent actions. See, e.g., Smith v. Williams, S.D.N.Y. No. 08-10056, dkt. entry no. 1, 11-19-08 Rmv. Not. at 2 (NFI asserting that it "is a corporation organized under the laws of New Jersey with its principal place of business [in] New Jersey"); Franceschini v. DeOlivera, E.D.N.Y. No. 08-3901, dkt. entry no. 1, 9-24-08 Rmv. Not. at 2 (NFI asserting it is "a corporation organized exclusively under the laws of . . . New Jersey, having its principal place of business in . . . New Jersey"); Ritson v. National Freight, Inc., N.D. Ohio No. 07-1821, dkt. entry no. 1, 6-19-07 Rmv. Not. at 2 (NFI asserting that it is "incorporated in New Jersey and maintains its principal place of business in . . . New Jersey").

DeBiasse v. Chevy Chase Bank Corp., 144 Fed.Appx. 245, 247 (3d Cir. 2005), cert. denied, 546 U.S. 1093 (2006); and it appearing further that "subject matter jurisdiction is never waived", Liberty Mut. Fire Ins. Co. v. Yoder, 112 Fed.Appx. 826, 828 (3d Cir. 2004); and

    **THE COURT** thus intending to dismiss the complaint, without prejudice to the plaintiff to recommence the action in state court, as the limitations period for the cause of action is tolled by the filing of the federal complaint, see Jaworowski v. Ciasulli, 490 F.3d 331, 333-36 (3d Cir. 2007); Galligan v. Westfield Ctr. Serv., 82 N.J. 188, 191-95 (1980); and for good cause appearing, the Court will issue an appropriate order and judgment.

                                                        s/ Mary L. Cooper
                                                        **MARY L. COOPER**
                                                        United States District Judge

Dated:   December 29, 2008